IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01652-LTB-CBS

SCOTT A. STECKEL,
    Plaintiff,
v.

JANE DOE (LORIE?) [sic],
LOUIS CABILING, M.D.,
ANTHONY A. DECESARO, and
LAURA KNAPP R.N.,
    Defendants.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on the "Motion to Dismiss for Failure to Comply with Court Rules" filed by Defendants Cabiling and Knapp on February 10, 2009 (doc. # 36).  Pursuant to the Order of Reference dated September 11, 2008 (doc. # 11) and the memorandum dated February 11, 2009 (doc. # 37), this matter was referred to the Magistrate Judge.  Mr. Steckel has not filed any response to the Motion.  The court has reviewed the Motion, the entire case file and the applicable law and is sufficiently advised in the premises.

I.    Statement of the Case

    Proceeding *pro se*, Mr. Steckel filed the instant action on or about July 29, 2008. (*See* "Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915" (doc. # 1)).  Pursuant to the court's direction, Mr. Steckel filed his Amended

1

Prisoner Complaint on August 28, 2008. (*See* docs. # 4 and # 7). In the Amended Complaint, Mr. Steckel alleges three claims related to violation of the Eighth Amendment based on denial of necessary medical treatment for a hernia. (*See* doc. # 7). Mr. Steckel seeks relief in the form of injunctive relief, monetary damages, and costs. (*See id*. at p. 9 of 38). On September 23, 2008, the court accepted Mr. Steckel's submission of additional documents as exhibits to the Amended Complaint. (*See* doc. # 14). Mr. Steckel's last communication with the court was on November 8, 2008. (*See* doc. # 27).

Defendants Cabiling and Knapp filed their Motion to Dismiss on February 10, 2009. (*See* doc. # 36). On February 17, 2009, the court issued a Minute Order setting a Preliminary Scheduling Conference on March 27, 2009 and directing that Mr Steckel "has up to and including March 4, 2009 to respond to Defendants' Motion to Dismiss for Failure to Comply with Court Rules (doc. # 36)." (*See* doc. # 38). The court's records reflect that Mr. Steckel's copies of three court orders were returned in the mail as undeliverable, marked "Return to Sender, Not Deliverable as Addressed, Unable to Forward." (*See* docs. # 40, # 39, and # 35). On March 26, 2009, due to inclement weather, the court issued a Minute Order resetting the Preliminary Scheduling Conference to April 7, 2009 at 8:30 a.m. (*See* doc. # 41). Mr. Steckel's copy of the March 26, 2009 Minute Order was also returned in the mail as undeliverable, marked "Return to Sender, Not Deliverable as Addressed, Unable to Forward." (*See* doc. # 42). Upon information and belief, Mr. Steckel has been paroled from the custody of the Colorado Department of Corrections. (*See* Motion to Dismiss (doc. # 36) at ¶ 3). Mr. Steckel has failed to file notice with the court as required by D.C. COLO. LCivR 10.1 M.

within ten days after any change of his address or telephone number.

The court held the Preliminary Scheduling Conference on April 7, 2009 at 8:30 a.m. Defendants appeared through counsel. Mr. Steckel did not appear in person, via telephone, or through counsel. Nor has Mr. Steckel contacted the court to explain his failure to appear. As of this date, Mr. Steckel has not filed any response to Defendants' pending Motion to Dismiss.

II.     Analysis

Mr. Steckel has failed to appear at the April 7, 2009 Preliminary Scheduling Conference, failed to comply with the court's orders and the Local Rules of Practice of the United States District Court for the District of Colorado, and failed to prosecute this civil action. For these failures, this civil action may be dismissed with or without prejudice. *See Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008) ("Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or comply with the Rules or any order of the court."); Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.").

The statute of limitations may bar refiling of Mr. Steckel's claims. *See, e.g., Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir.1993) (applying two-year limitation period from Colo. Rev. Stat. § 13-80-102 to § 1983 claim). Thus, in order to recommend dismissal of this civil action with or without prejudice, the court must analyze the factors set forth in *Ehrenhaus v. Reynolds* in order to explain the

recommended dismissal. 965 F.2d 916, 920 (10th Cir. 1992) (reviewing district court's dismissal of complaint with prejudice as sanction for violation of discovery order). *See Mobley v. McCormick*, 40 F.3d 337, 341 (10th Cir. 1994) (involuntary dismissal pursuant to Fed. R. Civ. P. 41(b) "should be determined by reference to the *Ehrenhaus* criteria"). *See also Woodmore v. Git-N-Go*, 790 F.2d 1497, 1499 (10th Cir. 1986) ("when a case is dismissed with prejudice or dismissed without prejudice at a time when the statute of limitations would ban refiling, a trial court must explain why it imposed the extreme sanction of dismissal.").

The *Ehrenhaus* criteria are "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal . . . would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." 965 F.2d at 921 (internal quotation marks and citations omitted). "These factors do not create a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Ehrenhaus*, 965 F.2d at 921.

There has been prejudice to the Defendants, as they have appeared through counsel at the Preliminary Scheduling Conference for which Mr. Steckel did not appear and filed a Motion to Dismiss to which Mr. Steckel has not responded. Judicial resources have been expended on setting, resetting, monitoring, and issuing orders in this civil action. The record does not reveal that anyone other than Mr. Steckel is culpable for his failure to appear at the April 7, 2009 Preliminary Scheduling Conference, failure to comply with the court's orders and the Local Rules of Practice of the United States District Court for the District of Colorado, and failure to prosecute this

civil action.  Due to Mr Steckel's failure to advise the court of his current address, the court is unable to warn him that his conduct may result in dismissal of this civil action.  Finally, there is no lesser sanction available under the circumstances.  It would be pointless to impose a financial sanction on Mr. Steckel, who has consistently failed to comply with the court's orders and has not notified the court of his current address.  The *Ehrenhaus* factors thus support dismissal of this civil action with prejudice.

Accordingly, IT IS RECOMMENDED that the "Motion to Dismiss for Failure to Comply with Court Rules" filed by Defendants Cabiling and Knapp on February 10, 2009 (doc. # 36) be GRANTED and that this civil action be DISMISSED WITH PREJUDICE for Mr. Steckel's failure to appear at the April 7, 2009 Preliminary Scheduling Conference, failure to comply with the court's Orders and the Local Rules of Practice of the United States District Court for the District of Colorado, and failure to prosecute this civil action.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate

review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review);  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 8th day of April, 2009.

BY THE COURT:

    s/Craig B. Shaffer
United States Magistrate Judge